IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARCO MALDONADO, | |
| Plaintiff, | Civil Action No. 2:22-cv-3474 |
| vs. | |
| | JURY TRIAL DEMANDED |
| CITY OF PHILADELPHIA, DETECTIVE MICHAEL CAHILL, OFFICER BRUCE DOUGHERTY, OFFICER BRUCE DENOBLE, ROBERT CAMPOLONGO, A.D.A JOHN DOES | |
| Defendants. | |

**DEFENDANT ADA ROBERT CAMPOLONGO'S MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE RULE 12(b)(6)**

**INTRODUCTION**

Plaintiff, Marco Maldonado, brings these 42 U.S.C. § 1983 ("Section 1983") claims against the City of Philadelphia, Detective Michael Cahill, Officer Bruce Dougherty ("Dougherty"), Officer Bruce DeNoble ("DeNoble") (hereinafter collectively referred to as the "Officers"), Robert Campolongo ("Campolongo" or "ADA Campolongo"), and ADA John Does alleging these individuals violated his constitutional rights by "leading him to being induced into an unknowing, unintelligent, and involuntary plea of guilt." *See* Amended Compl., ECF No.1 ¶ 2.

**I.    THE MURDER OF ALBERTO GONZALES SR.**

On December 23, 1992, Alberto Gonzales Sr. ("Gonzales Sr.") was murdered at his home. *See* Amended Compl., ECF No. 1 ¶ 10. His son, Alberto

Gonzales Jr. ("Gonzales Jr.") found his body and alerted the police. *See* Amended Compl., ECF No. 1 ¶ 11. On December 24, 1992, Defendants Officer Dougherty and Officer DeNoble allegedly saw Plaintiff remove a handgun from his jacket and throw it into a car. *See* Amended Compl., ECF No. 1 ¶ 13. The officers also alleged that a "single .38 bullet was found in plaintiff's pocket." *See* Amended Compl., ECF No. 1 ¶ 13. The Officers deemed that this weapon was the same weapon used to kill Gonzales Sr. *See* Amended Compl., ECF No. 1 ¶ 13. The Philadelphia District Attorney's Office ("DAO") assigned ADA Campolongo ("Campolongo") to the matter. *See* Amended Compl., ECF No. 1 ¶ 17.

On December 24, 1992, the officers detained the victim's son, Gonzales Jr., for questioning in relation to the murder. *See* Amended Compl., ECF No. 1 ¶ 19. They released him that same day. *See* Amended Compl., ECF No. 1 ¶ 19. On December 26, 1992, a witness, Mayra Camacho, informed the Officers, that she "witnessed Mr. Maldonado enter the rear of Gonzales Sr.'s home 'from up the block." *See* Amended Compl., ECF No. 1 ¶ 23. She further stated that she heard two gunshots and observed Plaintiff exit Gonzales Sr.'s home. *See* Amended Compl., ECF No. 1 ¶ 23. In October 1993, Plaintiff pleaded guilty to second degree murder and was sentenced to life imprisonment for Gonzales Sr.'s death. *See* Amended Compl., ECF No. 1 ¶ 33.

II.     **RECANTATION OF WITNESS'S STATEMENT**

On September 30, 2017, Camacho provided an affidavit recanting her 1992 eyewitness statement. *See* Amended Compl., ECF No. 1 ¶ 29. Upon discovering her recantation, Plaintiff also alleges he was informed[1] that the Officers originally suspected Gonzales Jr. for the murder of his father. *See* Amended Compl., ECF No. 1 ¶ 30. Plaintiff asserts his defense counsel never shared this information with him. *See* Amended Compl., ECF No. 1 ¶ 31. Subsequently, Plaintiff filed several Post-Conviction Relief Act ("PCRA") petitions asserting the ineffectiveness of trial counsel. His claims were rejected. Plaintiff then filed a *habeas* petition claim; however, the United States District Court for the Eastern District of Pennsylvania denied his petition, affirming the findings of the Pennsylvania appellate courts.

In November 2017, the Third Circuit granted Plaintiff leave to file a second or successive *habeas* petition with respect to a claim under *Brady v. Maryland* and a claim of actual innocence. *See* Amended Compl., ECF No. 1 ¶ 36. Upon this petition, the DAO vacated his conviction, withdrew the charges of first and second-degree murder, and released him on unsecured bail. *See* Amended Compl., ECF No. 1 ¶ 37. Following negotiations with the DAO, Plaintiff eventually agreed to plead *nolo contendere* to third degree murder and a sentence of 10-20 years. *See* Amended Compl., ECF No. 1 ¶ 40-1.

---

[1] Plaintiff does not provide any factual information that details *how* he learned of the Officer's suspicion. Plaintiff simply states "It was not until Camcho's recantation that Mr. Maldonado elarnted that the police had suspected Gonazles Jr. in his father's death until Camacho shifted the blame." *See* Amended Compl., ECF No.1 ¶ 30.

He was found guilty; however, since he already served 27 years in prison the Court released him. *See* Amended Compl., ECF No. 1 ¶ 41.

On November 30, 2022, Plaintiff filed this claim against the City of Philadelphia, several named officers, and ADA Campolongo. Plaintiff alleges Campolongo never disclosed exculpatory information – the fact that the Officers suspected Gonzales Jr. of the murder – to his defense counsel. Plaintiff brings five (5) counts against Defendant ADA Maldonado: Deprivation of Liberty without Due process of Law and Denial of a Fair Trial ("Count I"); Civil Rights Conspiracy ("Count II"); Failure to Intervene ("Count III"); Damages ("Count V") and Punitive Damages ("Count VI"). Despite these allegations, not only does Plaintiff's Complaint fail to meet the required pleading standard under Federal Rule of Civil Procedure 12(b)(6), but ADA Campolongo is shielded from civil liability under the absolute immunity doctrine.

## III.   LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) permits a motion to dismiss if the pleadings fail to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). These facts must be enough to sustain the plaintiff's right to relief. *Bell Atl. v. Twombly*, 550 U.S. 544, 555 (2007). When evaluating a complaint, this Court considers only the facts alleged in the complaint and

4

accepts all of the presumed allegations as true. *Thomas v. City of Philadelphia*, 290 F. Supp. 3d 371, 378 (E.D. Pa. 2018) (citing to *ALA, Inc. v. CCAIR, Inc.*, 29 F.3d 855, 859 (3d Cir. 1994). The Court views these allegations and all reasonable inferences in the light most favorable to the nonmoving party. *Thomas*, 290 F. Supp. 3d at 378 (citing to *Revell v. Port Auth.*, 598 F.3d 128, 134 (3d Cir. 2010).

      Plaintiff brings this cause of action under 42 U.S.C. § 1983. 42 U.S.C. § 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State of Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. To survive a motion to dismiss, Plaintiff must plead that a defendant, acting under color of law, engaged in conduct—individually—that violated his constitutional rights. *Washington-Pope v. City of Philadelphia*, 979 F. Supp. 2d 544, 551 (E.D. Pa. 2013). Specifically, Plaintiff *must* allege that Defendant ADA Campolongo engaged in conduct, that if proven, would amount to a constitutional violation while he was acting in his role as a prosecutor. Further, in the context of Section 1983 claims, while legal conclusions can provide the complaint's framework, they must be supported by factual allegations that allow the court to draw the reasonable inference

that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 663-64 (2009) (internal citations omitted).

Plaintiff also has an additional burden of overcoming Campolongo's absolute immunity defense. The doctrine of absolute immunity extends to prosecutors who are "acting within the scope of [their] duties in initiating and pursing a criminal prosecution" and protects them from civil liability. *Imbler v. Pachtman*, 424 U.S. 409, 417-20 (1976). Absolute immunity does not extend to a prosecutor's administrative and investigatory duties that do not relate to a prosecutor's "preparation for the initiation of a prosecution or for judicial proceedings." *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993). However, to overcome absolute immunity, Plaintiff must allege plausible facts that Campolongo's actions with respect to a *Brady* obligation were not "intimately associated with the judicial phase of the criminal process." *Imbler*, 424 U.S. at 430.

### IV.  LEGAL ARGUMENT

    A.    Plaintiff's Alleged Deprivation of Liberty and Denial of a Fair Trial by Withholding Exculpatory Material Fails Under Rule 12(b)(6)

In Count I, Plaintiff attempts to assert a *Brady* claim[2] alleging ADA Campolongo violated his due process rights by "deliberately deceiv[ing] counsel and the court by

---

[2] For brevity purposes and since absolute immunity is a bar to these claims, an analysis of the *Brady* elements is not required. However, for context, Plaintiff alleges ADA Campolongo withheld evidence from defense counsel. To trigger a *Brady* violation, a plaintiff must show that there is (1) evidence that the prosecution failed to disclose information favorable to the accused, (2) the evidence must have been withheld by the prosecution either willfully or inadvertently, (3) and the accused must have been

concealing and/or suppressing relevant and material evidence linking suspects other than Maldonado to the murder of Gonzales, Sr." *See* Amended Compl., ECF No. 1 ¶ 55. Assuming, *arguendo*, that ADA Campolongo had knowledge of the alleged *Brady* information, ADA Campolongo is entitled to absolute immunity from any claim arising from the failure to disclose it.

    First, Plaintiff's allegations that Campolongo knew of the alleged *Brady* information fail to meet the pleading standard established by *Iqbal* and *Twombly*. Plaintiff's Complaint merely states the following assertions:

> "Defendant Cahill was a detective assigned to investigate the murder of Gonzales,"… "Defendants Campolongo and Does was/were assigned to handle the prosecution of Mr. Maldonado by the Philadelphia District Attorney's Office… "On or about December 24, 1992, Alberto Gonzales Jr. was detained by the Homicide Division of the Philadelphia Police Department as the initial suspect in the Gonzales, Sr. murder"... "Defendant Police Officers and Defendant ADA Campolongo failed to disclose any information regarding this alternative suspect, his detention, or statements to trial counsel with the Maldonado discovery."

See Amended Compl. ECF No. 1 ¶ 17- 21.  Plaintiff claims, without providing any factual evidence, that the Officers deemed Gonzales Jr. a suspect. Further, Plaintiff argues that ADA Campolongo deliberately failed to disclose this information to his counsel. This allegation is conclusory and the Court cannot assume it as true. To set

---

prejudiced in his defense by the prosecution's failure to disclose." *Brady v. Maryland*, 373 U.S. 83, 87 (1963).

forth a cognizable claim, the complaint must contain facts that plausibly show ADA Campolongo intentionally or inadvertently failed to disclose this information to his counsel. Similar to the Plaintiff in *Ashcroft v. Iqbal*, this Plaintiff merely provides bare assertions, namely, that since ADA Campolongo was assigned to this matter, he knew this information and subsequently failed to disclose it. *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009) (finding Plaintiff failed to adequately support his claims of discrimination because he simply introduced bare assertions that amounted nothing more than a formulaic recitation of the elements of the claim) Plaintiff does not contend ADA Campolongo decided to withhold this information, nor does he aver any facts to suggest that ADA Campolongo took any action to withhold this information. Plaintiff's recitation of the facts are merely threadbare allegations of "the cause of action's elements, supported by mere conclusory statements." *Id*.

      1.    Plaintiff's Alleged Deprivation of Liberty and Denial of a Fair Trial by Withholding Exculpatory Material is Barred by the Under the Doctrine of Absolute Immunity (Count I)

Even if Plaintiff attempted to characterize Campolongo's actions as investigatory functions, which he does not,[3] decisions to withhold evidence from the defense are squarely protected under the absolute immunity doctrine. *See Ekwunife v.*

---

[3] As the Third Circuit has made clear, "the mere invocation of the catch-word 'investigatory' … cannot suffice … to forestall dismissal on immunity grounds." *Rose v. Bartle*, 871 F.2d 331, 344 (3d Cir. 1989). Rather, as in *Rose,* a court must evaluate whether the facts presented demonstrate that a prosecutor acted in an investigative or administrative capacity. *See Id.*

*City of Philadelphia*, 245 F. Supp. 3d 660, 672 (2017) (finding ADA's alleged failure to disclose the recantation to defense counsel was related to prosecutor's prosecutorial function and thus protected under the absolute immunity doctrine).

Plaintiff states he "agreed to plead to Murder in the Second Degree and Defendant ADA Campolongo agreed not to proceed against Plaintiff on Murder in the First Degree…," suggesting that Campolongo is somehow liable under section 1983 for inducing this plea. *See* Amended Compl., ECF No. 1 ¶ 33. Absolute immunity protects plea deal negotiations from civil liability. *See Stankowski v. Farley*, 487 F.Supp.2d 543, 552 (M.D. Pa. 2007) (negotiating a plea bargain is conduct "intimately associated with the judicial phase of the criminal process") (quoting *Imbler*, 424 U.S. at 430); *See also Cady v. Arenac County*, 574 F.3d 334, 341 (6th Cir.2009) ("[c]onduct associated with plea bargains has long been held by this court to be so intimately associated with the prosecutor's role as an advocate of the State in the judicial process as to warrant absolute immunity") (internal quotations omitted)); *See also Doe v. Phillips*, 81 F.3d 1204, 1210 (2d Cir.1996) ("[T]he negotiation of a plea bargain is an act within a prosecutor's jurisdiction as a judicial officer."); *See also Pfeiffer v. Hartford Fire Ins. Co.*, 929 F.2d 1484, 1492 (10th Cir.1991) (absolute immunity attaches to plea bargaining activity "due to its intimate association with the judicial process.") Thus, this Court should dismiss Count I.

      B.    Plaintiff's Civil Rights Conspiracy Claim (Count II) Fails Under Rule 12(b)(6)

Plaintiff asserts a conspiracy claim under 42 U.S.C.§ 1983. Rule 12(b)(6) requires plaintiff to provide grounds for relief by alleging facts that are more than labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007). To successfully allege a conspiracy claim under Section 1983, a plaintiff must aver factual allegations of a combination, agreement or understanding among all or between any of the defendants to plot, plan, or conspire to carry out the alleged chain of events. *Hammon v. Creative Financial Planning Org. Inc.*, 800 F. Supp. 1244, 1249 (E.D. Pa. 1992). There must be an agreement of two or more persons to do a "criminal act or to do a lawful act by unlawful means or for an unlawful purpose." *Id*. (citing *Spencer v. Steinmann*, 968 F. Supp. 1011, 1020 (E.D. Pa. 1997) (internal citations omitted). An allegation of parallel conduct and a simple, bare assertion without any factual information will not suffice. *Bell Atlantic Corp.*, 550 U.S. at 557.

Here, Plaintiff fails to aver any facts that Campolongo *plotted*, *planned*, or *conspired* with the Philadelphia Police Officers to withhold the disclosure of another possible suspect.  Nor does Plaintiff assert facts suggesting *any agreement* among the Defendants to violate his constitutional rights. Again, nowhere in the Complaint does Plaintiff allege Campolongo conspired with police officers to withhold this information. Plaintiff merely argues that since the Officers and Campolongo were on the same case, they *must* have conspired to withhold information from his defense counsel. These allegations are insufficient to substantiate a conspiracy claim.

        1.       Plaintiff's Count II is Barred by the Doctrine of Absolute Immunity (Count II)

Even if Plaintiff succeeded in offering the requisite facts, these claims are still barred by the absolute immunity doctrine. A decision to disclose, or not to disclose, a possible alternative suspect is a prosecutorial function. *See Ekwunife*, 245 F. Supp. 3d at 672. Since Campolongo's actions were prosecutorial in nature he is protected under the absolute immunity doctrine. Accordingly, this Court should dismiss Count II.

    C.       Plaintiff's Failure to Intervene Claim Fails Under Rule 12(b)(6)

Plaintiff also asserts a failure to intervene claim under Section 1983. A duty to intervene exists where an officer fails or refuses to intervene when a constitutional violation is taking place in his or her presence. *Smith v. Mensinger*, 293 F.3d 641, 650 (3d Cir. 2002). Plaintiff alleges Campolongo failed to intervene to "prevent defendants from coercing and fabricating inculpatory evidence, planting evidence, suppressing and concealing material evidence from Mr. Maldonado and his trial counsel, failing to conduct a constitutionally adequate investigation and causing Mr. Maldonado to be subjected to an unfair trial." *See* Amended Compl., ECF No. 1 ¶ 60.

To succeed on this claim, Plaintiff must allege that ADA Campolongo had a "realistic and reasonable opportunity" to intervene, or at the very least, was aware of the constitutional violation. *Smith*, 293 F.3d at 650. Nowhere in Plaintiff's Complaint does he allege that (1) Campolongo was involved with the investigation into Gonzales Jr.'s potential involvement in his father's death, such that he would have had a

11

reasonable opportunity to intervene or, (2) that he was ever made aware of the supposed constitutional violation. Again, Plaintiff must provide sufficient factual information to adequately plead his claim under the federal rules; mere speculation is not adequate. *Twombly*, 550 U.S. at 555.

Even if Plaintiff were to provide this information to withstand a 12(b)(6) motion, Campolongo's alleged actions —"suppressing and concealing material evidence from Mr. Maldonado and his trial counsel" — are, once again, prosecutorial activities and protected by the absolute immunity doctrine. Accordingly, this Court should dismiss Count III.

> D. Plaintiff's Damages and Punitive Damages Claims are Barred by the Doctrine of Absolute Immunity (Count V & Count VI)

Plaintiff seeks compensatory damages, jointly and severally, in an amount to be determined at trial. *See* Amended Compl., ECF No. 1 ¶ 70-73. Under the doctrine of absolute immunity, a prosecutor is absolutely immune from liability for money damages under Section 1983 for the acts "within the scope of their duties in initiating and pursuing a criminal prosecution." *See Imbler*, 424 U.S. at 417. As explained previously, ADA Campolongo's actions were prosecutorial in nature and Plaintiff has not established facts to the contrary.

Plaintiff also seeks punitive damages. Punitive damages are available against an individual Section 1983 defendants when "the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference

to the federally protected rights of others." *Thomas v. City of Philadelphia*, 290 F. Supp. 3d 371, 388 (E.D. Pa. 2018) (citing to *Smith v. Wade*, 461 U.S. 30, 56 (1983). Again, Plaintiff provides no factual information in his Complaint that would reasonably infer Campolongo was "motivated by evil motive or intent." Nor does he provide any facts to allege Campolongo was "reckless[ly] or callous indifferen[t]." Without pleading these facts, and considering that the absolute immunity doctrine shields Campolongo from liability for these actions, Plaintiff's remaining claim against Campolongo fails. This Court should dismiss Count V and Count VI.

### V.   CONCLUSION

Any actions ADA Camplongo took in connection with the prosecution of Maldonado were taken in his capacity as a prosecutor, a role that shields him from any civil liability. Accordingly, ADA Campolongo is entitled to absolute immunity from liability for the Plaintiff's claims, and for the reasons set forth in this Memorandum, ADA Campolongo respectfully requests that his Motion to Dismiss Plaintiff's Amended Complaint be granted, and that Counts I, II, III, V, and VII against him be dismissed with prejudice.

| | |
|---|---|
| **OF COUNSEL**: <br> Archer & Greiner, P.C. <br> Three Logan Squire <br> 1717 Arch Street <br> Suite 3500 <br> Philadelphia, PA  19103 <br> Phone: 215-963-3300 | /s/Shelley R. Smith_____ <br> Shelley R. Smith <br> Carlton L. Johnson <br> Attorneys for Defendant Robert Campolongo |

13

Fax:  215-963-9999

Dated: December 14, 2022

14